# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MAXWELL ABUYA,

    Petitioner,

v.                                        CASE NO. 17-2293-JWL

RICHARD DORNEKER,
JEFFERSON SESSIONS,

    Respondents.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is detained at the Chase County Jail in Cottonwood Falls, Kansas, under an order of removal to Kenya entered by the immigration court in Kansas City, Missouri. By its Memorandum and Order entered on August 1, 2017 (Doc. 6), the Court directed the parties to file status reports with the Court by August 15, 2017, and advised that if Respondent had not obtained travel documents or made other substantial progress toward obtaining such documents by that date, the Court was inclined to grant the petition.

The Court has reviewed the record and finds that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. The Court therefore orders Petitioner's release on supervision, subject to the terms of 8 U.S.C. § 1231(a)(3) and the following conditions:[1]

---

[1] The Court notes that Petitioner's Prayer for Relief includes a request for the Court to "[g]rant such other and further relief that the Court deems just and proper, including Mr. Abuya's attorneys' fees and costs." (Doc. 1, at 6.) The Equal Access to Justice Act ("EAJA") requires a separate application to be filed by the prevailing party within 30 days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). Any such application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and an

(1) Petitioner shall not violate any local, state, or federal laws;

(2) Petitioner shall cooperate fully and comply with ICE reporting and supervision directives, as required by law;

(3) Petitioner shall maintain employment, to the extent authorized by ICE;

(4) Petitioner shall reside with his sponsor in Wichita, Kansas, and all current contact and locating information shall be provided to ICE;

(5) Petitioner shall notify ICE of any change in residence or employment within 48 hours;

(6) Petitioner shall remain in the District of Kansas unless travel is authorized by ICE;

(7) Petitioner shall provide ICE with written copies of requests to and responses from the Kenya Consulate concerning the issuance of travel documents;

(8) Petitioner shall assist and cooperate with ICE in obtaining necessary travel documents; and

(9) Petitioner shall appear in person at the time and place specified, as directed by ICE, for identification and for deportation or removal.

**IT IS THEREFORE BY THE COURT ORDERED** that the writ of habeas corpus is granted and that Petitioner shall be released under supervision and under the conditions stated. Petitioner is advised that his failure to comply with the conditions imposed may result in the revocation of employment authorization, arrest, and other penalties.

**IT IS FURTHER ORDERED** that Respondent shall cooperate with personnel at the Chase County Jail to secure Petitioner's immediate release and shall notify the Court in writing upon his release.

---

allegation that the position of the United States was not substantially justified. *See Sloan v. Pugh*, 351 F.3d 1319, 1322–23 (10th Cir. 2003) (finding that habeas petition challenging confinement arising from criminal judgment was not a "civil action" for purposes of EAJA and not a "criminal case" for purposes of awarding fees under the Hyde Amendment); *Al-Shewailey v. Mukasey*, No. CIV–07–1392–HE, 2008 WL 542956, at *2 (W.D. OK. Feb. 25, 2008) (adopting Report and Recommendation finding petitioner ineligible for EAJA fees in immigration detention case based on *Sloan*).

Copies of this Order shall be transmitted to the parties and to the Sheriff of Chase County, Kansas.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2017, at Kansas City, Kansas.

        **s/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**